**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Global Weather Productions LLC,<br><br>Plaintiff,<br><br>v.<br><br>Gow Media, LLC d/b/a CultureMap Dallas,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No:<br><br><br>JURY TRIAL DEMANDED |

SLG SANDERS · LAW GROUP ·

## COMPLAINT

Plaintiff Global Weather Productions LLC ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant Gow Media, LLC d/b/a CultureMap Dallas ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq*.

2. Michael Brandon Clement ("*Clement*") created a Video of a flooded freeway in Dallas, Texas (the "*Video*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3. Defendant owns and operates a website at dallas.culturemap.com (the "*Website*").

4. Defendant, without authorization, reproduced and publicly displayed the Video in connection with its commercial activities and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

5. Plaintiff is a Texas limited liability company and maintains a principal place of business in Hutchinson County, Texas.

6. Defendant is a Texas limited liability company with a principal place of business at 5353 West Alabama Street, Suite 415, Houston in Harris County, Texas.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in Texas.

9. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and 1400(a) because Defendant resides and may be found in this District, where it maintains its principal place of business in Houston, Texas, and from which, upon information and belief, it operates the Website.

## FACTS COMMON TO ALL CLAIMS

### A. Plaintiff's Copyright Ownership

10. Plaintiff is a professional Videography company that is the legal and rightful owner of certain Videos which Plaintiff commercially licenses.

11. Plaintiff has devoted substantial time, skill, effort, and expense to developing its videography business and creating a portfolio of original Videos.

12. Plaintiff's Videos are valuable intellectual property assets that are commercially licensed to publishers, media outlets, websites, businesses, and other third parties for authorized use in both digital and print media.

13. Clement is the author of numerous original Video works protected under the Copyright Act, including the Video that is the subject of this action.

14. Clement is a professional storm chaser and videographer who has documented hurricanes, tornadoes, floods, and other severe weather across the United States for many years. In 2017, Clement founded WXChasing, a storm videography business that captures footage of extreme weather events and delivers it rapidly to news organizations.

15. Clement is a certified drone pilot and has served as a field correspondent for

SLG SANDERS · LAW GROUP ·

WeatherNation. His 2019 close-range drone footage of a tornado near Sulphur, Oklahoma was widely reported as rare footage of a tornado captured by drone, and his storm videography has been featured by news outlets throughout the world.

16. Plaintiff is an affiliate of WXChasing and licenses Clement's storm videography to television broadcasters, publishers, and other media outlets.

17. Plaintiff maintains exclusive rights under the Copyright Act, including the rights to reproduce, distribute, license, publicly display, and otherwise exploit its copyrighted Videos.

18. Plaintiff derives income from the licensing and authorized use of its copyrighted works and maintains exclusive rights in the works they created pursuant to the Copyright Act.

19. Plaintiff relies upon licensing revenue derived from the authorized use of its Videos and actively protects its copyrighted works against unauthorized reproduction, distribution, and display. Unauthorized use of Plaintiff's Videos deprives Plaintiff of licensing income, diminishes the value of its copyrighted works, and interferes with the market for authorized licenses.

20. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's Videos while many others are the subject of pending copyright applications.

21. Plaintiff regularly licenses Plaintiff's Videos to media outlets, brands, and commercial entities for a fee.

22. Plaintiff's Videos are original, creative works in which Plaintiff owns protectable copyright interests.

23. On August 22, 2022, the Video was first published. A screengrab of the Video is attached hereto as Exhibit 1.

24. In creating the Video, Clement personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the video recording and made each and every artistic determination necessary for the creation of the work.

25. On September 1, 2022, the Video was registered by the USCO under Registration No. PA 2-374-324.



SLG SANDERS · LAW GROUP ·

26. The Video was registered within three months after its first publication. Plaintiff is therefore entitled to elect statutory damages and to recover its attorney's fees pursuant to 17 U.S.C. § 412(2).

27. Clement created the Video with the intention of it being used commercially and for the purpose of display and/or public distribution.

28. Plaintiff acquired the rights in and to the Video by way of a written assignment.

29. Under that assignment, Plaintiff holds all right, title, and interest in and to the copyright in the Video, including the right to sue for and recover damages for past, present, and future infringements of the Video.

**B. <u>Defendant's Infringing Activity</u>**

30. Defendant is the registered owner of the Website and is responsible for its content.

31. Defendant is the operator of the Website and is responsible for its content.

32. The Website is a part of and used to advance Defendant's commercial enterprise.

33. Defendant is a Houston-based multi-platform media company. In February 2017, Defendant acquired CultureMap, a network of digital lifestyle publications with local editions serving Houston, Dallas, Fort Worth, Austin, and San Antonio, which Defendant has owned and operated ever since.

34. Defendant offers the content of the Website to the public free of charge and monetizes the resulting audience by selling display advertising, sponsored content, and event sponsorships to businesses that wish to reach the Website's readers. Upon information and belief, the more readers Defendant draws to the Website, the more advertising inventory Defendant can sell and the more it can charge for that inventory.

35. The Website is monetized in that it contains paid advertisements and, on information and belief, Defendant profits from these activities.

36. Upon information and belief, the Website forms part of Defendant's commercial enterprise and is used to attract potential customers, promote Defendant's services, increase public visibility, generate business opportunities, and enhance Defendant's brand recognition.

SLG SANDERS · LAW GROUP ·

37. Upon information and belief, Defendant is a sophisticated media company operating in an industry in which the use of professional Video and copyrighted content is prevalent.

38. Upon information and belief, Defendant knew or should have known that the Video was protected by copyright, including because the Video was of professional quality and distributed through commercial channels. Despite this, Defendant used the Video without seeking permission or obtaining a license.

39. Upon information and belief, Defendant's personnel have significant experience in copyright matters and are familiar with industry practices requiring that Videos used in commercial content, advertising, marketing materials, publications, and social-media posts be properly licensed.

40. Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

41. Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

42. Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringement.

43. On or about August 23, 2022, without permission or authorization from Plaintiff, Defendant willfully and volitionally reproduced and publicly displayed a still image of the Video on the Website as part of an on-line post at URL: https://dallas.culturemap.com/news/city-life/08-23-22-dallas-flooding-sewers-judge-clay-jenkins/ (the "*Infringement*"). A copy of a screengrab depicting the Infringement is attached hereto as Exhibit 2.

44. Defendant used a still image from the Video as the lead image of the post. Defendant displayed it at the top of the post, alongside advertising, to draw readers to the post and



SLG SANDERS · LAW GROUP ·

to the Website.

45. Defendant captioned the Infringement "Flooded freeway in Dallas August 21. YouTube." Defendant thus knew that it had taken the Video from a YouTube channel operated by a third party, yet it neither identified the Video's author nor sought or obtained a license to use the Video.

46. A still image from the Video was willfully and volitionally reproduced and stored by Defendant at URL: https://dallas.culturemap.com/media-library/flood.jpg?id=31476657&width=2000&height=1500&quality=50&coordinates=30%2C0%2C31%2C0.

47. The Infringement is a copy or substantially similar copy of Plaintiff's Video, including protectable elements such as composition, subject matter, timing, angle, lighting, perspective, and overall expressive content.

48. Plaintiff first observed the Infringement on February 12, 2026.

49. Plaintiff did not know of, and had no reason to know of, the Infringement before February 12, 2026. The Infringement appeared on a regional lifestyle website, did not identify Clement or Plaintiff, and attributed the Video only to "YouTube."

50. The Infringement has remained on public display on the Website through the commencement of this action, and each act of display within the three years preceding the commencement of this action constitutes a separate act of infringement.

51. Upon information and belief, after August 23, 2022, Defendant made a further copy of the still image from the Video and stored it on its current content management system at the media-library URL identified above. That copy replaced the copy Defendant originally stored at https://res.cloudinary.com/culturemap-com/image/upload/ar_4:3,c_fill,g_faces:center,w_980/v1661264779/photos/333517_original.jpg.

52. As of November 17, 2026, the Infringement remained publicly displayed on the Website. A screengrab of a capture of the Infringement made on November 17, 2026 by the



SLG SANDERS · LAW GROUP ·

Internet Archive's Wayback Machine, available at URL: https://web.archive.org/web/20261117183049/https://dallas.culturemap.com/news/city-life/08-23-22-dallas-flooding-sewers-judge-clay-jenkins/, is attached hereto as Exhibit 3.

53. Upon information and belief, the Video was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Video.

54. The Infringement includes a URL ("*Uniform Resource Locator*") that was accessible to the public and remained available for viewing for a non-transitory period of time.

55. Upon information and belief, Defendant takes an active and pervasive role in the creation, selection, acquisition, licensing, editing, publication, posting, promotion, and display of content appearing on the Website, including Plaintiff's Video.

56. Defendant exercised control over the content published on its Website and was responsible for selecting, uploading, and displaying the Video. Defendant used the Video in furtherance of its commercial interests and derived financial benefit from increased user engagement, brand promotion, and/or sales.

57. Upon information and belief, Defendant directly contributes to and exercises control over the content published on the Website by, inter alia, utilizing employees, agents, contractors, administrators, editors, moderators, social media managers, and other representatives acting on its behalf, including but not limited to Teresa Gubbins, who is identified on the Website as the author of the post containing the Infringement (collectively, the "*Representatives*").

58. Upon information and belief, Defendant vested its Representatives with actual and/or apparent authority to create, select, upload, publish, edit, modify, remove, monitor, and otherwise manage content appearing on the Website on Defendant's behalf.

59. Upon information and belief, the Representatives acted within the course and scope of their agency, employment, contractual relationship, and/or other authorized relationship with Defendant when creating, selecting, uploading, publishing, displaying, promoting, and/or distributing the content containing Plaintiff's Video.

60. Upon information and belief, Defendant authorized, directed, ratified, approved,

and/or knowingly permitted the actions of its Representatives with respect to content appearing on the Website, including the content containing Plaintiff's Video.

61. Upon information and belief, the Representatives actively reviewed, monitored, edited, managed, moderated, and otherwise exercised control over content appearing on the Website. As a result, Defendant had actual and/or constructive knowledge of the content published thereon, including the Infringement.

62. Upon information and belief, Defendant maintained the right and ability to supervise, control, review, approve, modify, remove, and otherwise regulate content appearing on the Website and exercised such control through its Representatives acting within the course and scope of their authority.

63. Upon information and belief, the Video was intentionally and willfully selected, published, displayed, and distributed by Defendant.

64. Upon information and belief, Defendant is not entitled to the limitations on liability set forth in 17 U.S.C. §512 because the Infringement was selected, uploaded, approved, published, and/or distributed by Defendant and/or its Representatives acting within the scope of their authority.

65. Upon information and belief, the Infringement was not posted at the direction of a "user" within the meaning of 17 U.S.C. §512(c), but instead was affirmatively selected and published by Defendant and/or its Representatives.

66. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

67. Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

68. Upon information and belief, Defendant exercised editorial, managerial, and



SLG SANDERS · LAW GROUP ·

operational control over the content appearing on the Website.

69. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

70. Upon information and belief, Defendant monitors the content on its Website.

71. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

72. Upon information and belief, the Infringement increased traffic to the Website and, in turn, caused Defendant to realize an increase in its business revenues.

73. Upon information and belief, Defendant distributed the Infringement to a broad audience through the Website and derived commercial value from the resulting user traffic, engagement, advertising impressions, and/or promotional exposure.

74. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

75. Defendant's use of the Video harmed the actual market for the Video.

76. Defendant's use of the Video, if widespread, would harm Plaintiff's potential market for the Video.

77. Defendant's unauthorized use usurps the market for licensed uses of the Video and undermines Plaintiff's ability to license its work to other commercial entities.

78. On or about March 9, 2026, Plaintiff, through counsel, notified Defendant of the infringing activity described herein and demanded that Defendant cease and desist from its unauthorized use of Plaintiff's copyrighted work and compensate Plaintiff for its unauthorized use thereof.

79. Thereafter, on or about April 8, 2026, Plaintiff, through counsel, sent a follow-up communication seeking to resolve the dispute without litigation and affording Defendant an additional opportunity to address Plaintiff's claims.

80. Despite receiving notice of Plaintiff's claims and being afforded multiple



SLG SANDERS · LAW GROUP ·

opportunities to resolve the matter amicably, Defendant failed and/or refused to adequately address Plaintiff's claims, thereby necessitating the commencement of this action.

81. Defendant continued to reproduce, display, distribute, and/or otherwise exploit the Video after receiving notice of Plaintiff's claims. Such post-notice conduct evidences Defendant's knowledge of Plaintiff's rights and supports a finding that Defendant's infringement was knowing, intentional, and willful.

82. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

**FIRST CAUSE OF ACTION**
***(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)***

83. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

84. The Video is an original, creative work in which Plaintiff owns a valid copyright.

85. The Video is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

86. Plaintiff has not granted Defendant a license or the right to use the Video in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

87. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

88. Defendant's reproduction of the Video and display of the Video constitutes willful copyright infringement.

89. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Video in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Video without Plaintiff's consent or authority.

90. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled



SLG SANDERS LAW GROUP

to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each copyrighted work infringed pursuant to 17 U.S.C. § 504(c).

91. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

92. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

**SECOND CAUSE OF ACTION**
***(Vicarious Copyright Infringement)***

93. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

94. Upon information and belief, at all material times hereto, Defendant possessed and exercised the right and ability to supervise, control, approve, review, modify, remove, and otherwise regulate the conduct of its Representatives with respect to content appearing on the Website.

95. To the extent any portion of the Infringement was selected, uploaded, or published by a marketing company, agency, contractor, or other third party acting on Defendant's behalf, Defendant had the right and ability to supervise and control that conduct, derived a direct financial benefit from it, and is vicariously liable for it.

96. As a direct and proximate result of such conduct, Defendant profited from and materially benefited from the Infringement.

97. Defendant enjoyed a direct financial benefit from the Infringement from*, inter alia*, advertising revenue from the increased traffic to its Website and from increased fees paid by advertisers and sponsors.



SLG SANDERS · LAW GROUP ·

98. Upon information and belief, Defendant enjoyed a direct financial benefit from using the appeal or "draw" of Plaintiff's Video to increase user traffic to the Website, thereby increasing advertising revenue.

99. Defendant is liable as a vicarious infringer because it possessed the right and ability to supervise, control, and prevent the Infringement, derived a direct financial benefit from the Infringement, and failed to prevent or stop the Infringement.

100. Upon information and belief, Defendant willfully vicariously infringed upon Plaintiff's copyrighted Video in violation of Title 17 of the U.S. Code.

101. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringement as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each copyrighted work infringed pursuant to 17 U.S.C. § 504(c).

102. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may award Plaintiff the recovery of its reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505.

103. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of its copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

104. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Video in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

a. finding that Defendant infringed Plaintiff's copyright interest in and to the Video by copying, reproducing, distributing, publishing, and publicly displaying it without a license or consent;

SLG SANDERS LAW GROUP

b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each copyrighted work infringed pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e. for pre-judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

DATED: November 18, 2026

**SANDERS LAW GROUP**

By: *___/s/ Craig Sanders___*
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 144754

*Attorneys for Plaintiff*

SLG SANDERS · LAW GROUP ·